[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2010
JOHN LEY
CLERK

No. 09-11373
Non-Argument Calendar
_____

D. C. Docket No. 08-00042-CR-4-SPM-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIRK DOUGLAS CREARY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 11, 2010)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Kirk Douglas Creary appeals his 210-month total sentence for (1) inducing a minor to engage in sexual activity, 18 U.S.C. § 2422(b); (2) extortion, 18 U.S.C. § 875(d); and (3) possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B). No reversible error has been shown; we affirm.

On appeal, Creary argues that the district court should have included only one -- not four -- victims in its guidelines calculations because his conduct towards the other minor victims did not amount to sexual exploitation or, in the case of one victim, was not part of the relevant conduct on the inducement count.[1] But the government argues that we need not address the merits of Creary's arguments because the district court stated that it would impose the same sentence even if it calculated incorrectly the guidelines range.

In cases involving disputed guidelines issues, we have invited lower courts to state on the record whether they would have imposed the same sentence even if they have decided the guidelines issue incorrectly. United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006). If a district court makes such a statement, we

---

[1] See U.S.S.G. § 2G2.1(d)(1) (providing that, in offenses involving exploitation of more than one minor, the multiple count adjustment shall be applied as if the exploitation of each minor had been contained in a separate count of conviction, whether or not each minor specifically is cited in the count of conviction); U.S.S.G. § 3D1.4.

2

will uphold the sentence as long as it is reasonable under the 18 U.S.C. § 3553(a) factors; and in determining whether a sentence is reasonable, we assume that the district court decided the guidelines issue incorrectly and that the advisory guidelines range should be reduced accordingly. Id.

Here, Creary challenged the guidelines calculation based on the number of victims. In his objections to the presentence investigation report and at sentencing, Creary contended that his total offense level should be 35 and that his guidelines range should be 168 to 210 months' imprisonment. But the district court concluded that four victims should be included in the guidelines calculations and determined Creary's total offense level to be 37 and his guidelines range to be 210 to 262 months. The district court stated that "technical differences" in the calculation by Creary resulted in a different sentencing range, but "because the underlying conduct remain[ed] the same," the court would impose the same sentence even if it had sustained Creary's objections. So, because the district court stated that it would impose the same sentence even if it had made a guidelines calculation error, we assume that Creary's proffered range was the correct one -- 168 to 210 months; and we review Creary's sentence for reasonableness.

We evaluate the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). The party challenging the

3

reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Briefly stated, under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

Here, even if the district court erred in its determination of the number of victims, we conclude that Creary's ultimate sentence is reasonable. The 210-month sentence fell well below the statutory maximum sentence of life imprisonment he faced on the inducement count. See 18 U.S.C. § 2422(b); United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum). And Creary's sentence was within either guidelines range discussed in the district court. See Talley, 431 F.3d at 788 (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). The district court stated that it had considered the section 3553(a) factors and that the substantial sentence reflected the seriousness of the offense.

4

The record reflects that Creary, posing as a 14-year-old boy, engaged in internet chats (using a web camera) with three underage girls and encouraged them to take off their clothes and pose in sexually suggestive poses. Creary copied the images he received from the girls onto his computer. And Creary's computer contained thousands of online chats where he requested naked pictures from unknown females and over 600 images of child pornography. On this record, we cannot say that Creary's sentence was unreasonable.

We conclude that any misapplication of the guidelines about the number of victims "did not affect the district court's selection of the sentence imposed." Williams v. United States, 112 S.Ct. 1112, 1120-21 (1992) (explaining that harmless error is applied to sentencing cases, and remand is unnecessary if the party defending the sentence persuades the appeals court that the district court would have imposed the same sentence absent the erroneous factor). Because we conclude that any calculation error was harmless, we do not address the merits of Creary's arguments.

AFFIRMED.[2]

---

[2]In his reply brief, Creary argues that he miscalculated his guidelines range and that it should be 135 to 168 months. Because the district court did not justify an upwardly variant sentence, he contends, the error was not harmless. But, in the district court and in his initial brief, Creary specifically argued that his range should be 168 to 210 months. The invited error doctrine precludes us from entertaining Creary's argument. See United States v. Love, 449 F.3d 1154, 1156-57 (11th Cir. 2006) (defendant precluded from challenging the length of the supervised release portion of his sentence when he specifically had "induced or invited the district court to impose a sentence that included a term of supervised release").